**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1512**

MYNOR MIGUEL BARRERA-GALVEZ,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 12, 2014     Decided: January 15, 2015

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Ali Herischi, Nadya Maldonado, HERISCHI & ASSOCIATES, LLC, Bethesda, Maryland, for Petitioner. Joyce R. Branda, Acting Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Nicole N. Murley, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mynor Miguel Barrera-Galvez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and withholding under the Convention Against Torture ("CAT"). We dismiss in part and deny in part.

The Board agreed with the IJ that Barrera-Galvez's asylum application was not timely and that there were no exceptions to excuse the untimeliness. Under 8 U.S.C. § 1158(a)(3) (2012), the decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Although 8 U.S.C. § 1252(a)(2)(D) (2012) provides that nothing in § 1252(a)(2)(B), (C), "or in any other provision of this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law," we have held that the question of whether an asylum application is untimely or whether the changed or extraordinary circumstances exception applies "is a *discretionary determination* based on factual circumstances."

2

Gomis, 571 F.3d at 358. Because Barrera-Galvez does not raise a colorable constitutional claim or question of law concerning the denial of asylum relief, review of this issue is not authorized by § 1252(a)(2)(D).[*]

Concerning Barrera-Galvez's challenges to the denial of withholding of removal and protection under the CAT, we have thoroughly reviewed the record, including Barrera-Galvez's testimony and the documentary exhibits. We conclude that the record evidence does not compel a ruling contrary to any of the administrative findings of fact, see 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the Board's decision. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We note that Barrera-Galvez's proposed particular social group was not presented to the Board or the IJ. His failure to exhaust administrative remedies in this regard prevents us from considering the viability of this particular social group. 8 U.S.C. § 1252(d)(1); see Kporlor v. Holder, 597 F.3d 222, 226-27 (4th Cir. 2010); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004). Accordingly, we deny the petition for review as it concerns the denial of withholding of removal and protection

---

[*] We note that the cases cited by Barrera-Galvez from the Ninth Circuit for the proposition that we have jurisdiction to review the Board's decision on this issue are clearly distinguishable and non-precedential.

3

under the CAT for the reasons stated by the Board.  See In re: Barrera-Galvez (B.I.A. Apr. 29, 2014).

We dismiss in part and deny in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART<br>AND DENIED IN PART